UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 07-00237 (PLF/JMF) |
| v. | ) **FILED** |
| | ) SEP 2 8 2007 |
| DARRYL ASHTON, | ) VIOLATION |
| | ) (21 U.S.C. 841(a)(1)) |
| Defendant. | ) |

### STATEMENT OF THE OFFENSE

The parties in this case, the United States of America and the defendant, Darryl Ashton, stipulate and agree that the following facts are true. These facts do not constitute all of the facts known to the parties concerning the charged offense. They are being submitted to demonstrate that there exists probable cause that the defendant committed the offense to which he is pleading guilty.

On Thursday, August 9, 2007, sworn officers with the Metropolitan Police Department's Narcotics & Special Investigations Division received information that there were drugs and a gun in 4408 G Street, S.E, Apartment 34, Washington, D.C. Officers went to that apartment and talked with the lessee of the apartment. While talking with the lessee, officers were given consent to enter the apartment. Officers asked if there was anyone else in the apartment, and the lessee informed them that there was a man lying on her bed. After receiving permission to talk to him, officers went to the lessee's bedroom. Officers pushed the bedroom door open and saw the defendant, Darryl Ashton, standing in the room next to a pile of clothes. The defendant attempted to walk to the bathroom. An officer stepped in the defendant's path, as he attempted to reach into his rear pants pocket. Officers asked the defendant if he had anything to hide, and

the defendant replied "yeah, some water". Officers recognized the term "water" to be a commonly used street slang for phencyclidine (PCP). Officers placed the defendant in handcuffs. After being placed in handcuffs, the defendant reached into his rear pants pocket and retrieved several objects which he dropped to the floor. Officers recovered the items the defendant dropped, which consisted of two glass vials containing a clear liquid substance with an odor consistent with PCP, and a clear sandwich bag containing approximately 26.9 grams of a white rock-like substance. A search of the defendant revealed $1,886.00 in U.S. Currency, and a clear ziplock with six purple ziplocks each containing a white rock-like substance. Officers placed the defendant under arrest. A search of the bedroom revealed a loaded Ruger .45 caliber semi-automatic pistol, an additional silver colored pistol magazine, a plastic bag containing a digital scale with residue, plate with a razor blade, 28 empty glass vials, latex glove, a glass eyedropper with a strong chemical odor, and a large vial containing approximately 1.10 ounces of a clear liquid substance, with a strong chemical odor consistent with PCP. The white rock-like substance appeared to be crack cocaine. A portion of the white rock-like substance field tested positive for cocaine. A portion of the clear liquid substance was later field tested and gave a positive color reaction for the presence of PCP.

  Within the pile of clothes that the defendant was standing near inside of the bedroom, the officers recovered a Ruger .45 caliber semi-automatic pistol. The defendant stated, on multiple occasions, that the gun did not belong to the leasee, and the leasee stated that she did not own a gun. The leasee and the defendant were the only adults in the apartment at the time the evidence was recovered. Prior to that day, no other adults lived in or had access to the apartment besides the leasee. The gun was loaded with eight live rounds of .45 caliber ammunition. Later, the

officers test fired the weapon, and it was deemed operable.

The large amount of cocaine base accompanied with the digital scale, plate with a razor blade and large sum of cash indicates that the defendant possessed the cocaine base with the intent to distribute it. The defendant's close proximity to the gun along with his statements about the weapon indicates that he constructively possessed it.

An analysis from the Mid-Atlantic Laboratory for the U.S. Department of Justice - Drug Enforcement Administration revealed that the suspected crack cocaine was actually 25.4 grams of cocaine base and the suspected PCP was 2.4 grams of actual PCP.

This factual proffer is a summary of the defendant's actions and is not intended to be a complete accounting of all facts and events related to this offense.

_____
ANGELA S. GEORGE
Assistant U.S. Attorney

_____
BRIAN K. MCDANIEL, Esquire
Attorney for Defendant

_____
DARRYL ASHTON
Defendant

Date: 9/28/07

Date: 9/28/07



U.S. Department of Justice

Drug Enforcement Administration

## LABORATORY REPORT

TO: **Metropolitan Police Department**          CASE NUMBER: 108-699

FROM: Mid-Atlantic Laboratory
       Largo, Maryland

| Exh. No. | Lab. No. | Active Drug Ingredient (Established or Common Name) | Gross Weight | Net Weight | Conc. Or Purity | Amount of Actual Drug | Reserve Weight |
|---|---|---|---|---|---|---|---|
| 1.01 | LJ447 | Cocaine Base | 276.1 g | 25.4 g | 55.4 % | 14.0 g | 23.8 g |
| 1.02 | LJ447 | Phencyclidine (PCP) (Calculated as Hydrochloride) 1-Piperidinocyclohexane Carbonitrile (PCC) | | 18.5 ml (15.1 g) | 130.3 mg/ml (+/- 11.3 mg/ml*) ---- | 2.4 g ---- | 17.0 ml |

**Remarks:**

Ex 1.01 also contains Diltiazem.
*This value represents the quantitative uuncertainty measurement estimate for the DEA laboratory system.
Gross Weight includes the weight of all packaging materials and the evidence envelope.

**Certification of Compliance Pursuant to D.C. Code § 48-905.06 (2001)**

  I attest and certify that I am a trained chemist employed by the United States Department of Justice, Drug Enforcement Administration, that I am charged with an official duty to perform analyses of suspected controlled substances, and that I have legal custody of this report.

  All suspected controlled substance containers received by Drug Enforcement Administration chemists bear unique Drug Enforcement Administration laboratory numbers. When I received the container(s) bearing the laboratory number(s) set out above, I inspected the container(s) and verified that a sealed condition existed and then properly analyzed the contents for the presence of controlled substances by methods which are reliable and relevant to the identification of a controlled substance which includes procedures generally accepted in the forensic science community. These methods employed chemical reagents and/or analytical instruments which were free of contamination and were operating properly.

  The analyses that I conducted were accomplished while safeguarding the chain of custody of the substances being analyzed. The results of my analyses are accurately set forth on this official report. After I completed my analyses, I placed the original container(s) and contents (except for the substance(s) consumed or those removed for other purposes) into a separate container which I then sealed in such a manner that any tampering would be readily evident. In the case of evidence submitted by the **Metropolitan Police for the District of Columbia (MPDC)**, the officially sealed container bearing the above laboratory number(s) was returned to the evidence vault maintained by the MPDC for proper storage.

Analyzed By:  Tara M Remagen, Sr. Forensic Chemist          Date: 9/25/07
              (Signature, Printed Name, Title)

                                                             Official DEA Seal
Approved By:  James V. Malone, Laboratory Director           Date: 9/26/07
              (Signature, Printed Name, Title)

**U.S. Department of Justice**
**Drug Enforcement Administration**

Read Instructions on Reverse before completing

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1 HOW OBTAINED (Check) | 2a. FILE NO | 2b PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|
| ☐ Purchase  ☒ Seizure  ☐ Free Sample  ☐ Lab. Seizure  ☐ Money Flashed  ☐ Compliance Sample (Non-Criminal)  ☐ Internal Body Carry  ☐ Other (Specify) | 178-649 | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| 4408 G ST SE | 8/9/07 | Ashton Derry |

| 6a. REFERRING AGENCY (Name) | 6b REFERRAL ☐ Case No OR ☒ Seizure No | 7 DATE PREPARED | 8 GROUP NO. |
|---|---|---|---|
| MPDC | | 8/9/07 | |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY 13. Seized | 14. Submitted | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| 1 | Crack/Coc | | white rock substance | 26g | 26g | 0 |
| 1 | PCP | PCP | clear liquid | 250 oz | 250 oz | 0 |
| 1 | PCP | PCP | clear liquid | 1 oz | 1 oz | 0 |
| 1 | Crack/Coc | | white rock substance | crush | | 0 |
| 1 | Crack/Coc | | white rock substance | 62 ps | 62 ps | 0 |

16 WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG? ☐ NO (included above)  ☐ YES (if Yes, enter exhibit no and describe original container fully)

REMARKS: The listed exhibits were removed due to a search warrant at this address. Item 5 b/c were taken as NSID placed in bag #26 Property for evidence.

17. SUBMITTED BY SPECIAL AGENT (Signature)     18. APPROVED BY (Signature & Title)

### LABORATORY EVIDENCE RECEIPT REPORT

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| 1 | D Roy 8/13/07 | Roy, D. Ofc |
| 22. SEAL ☐ Broken ☒ Unbroken | 23. RECEIVED BY (Signature & Date) 8/16/07 | 24. Print or Type NAME and TITLE |

### LABORATORY REPORT

25. ANALYSIS SUMMARY AND REMARKS

Z41662          LJ 447
                LJ 447

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION 29. Strength | 30. Measure | 31. Unit | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| 37 APPROVED BY (Signature & Date) | 38. TITLE | 39 LAB. |

FORM DEA-7 (6-01) Previous editions are obsolete

# U.S. DEPARTMENT OF JUSTICE - DRUG ENFORCEMENT ADMINISTRATION
## FORENSIC CHEMIST WORKSHEET

Page 1 of 2

**RECEIVED**

| 1. FROM | 2. DATE | 3. SEALS | 4. FILE NO./EXHIBIT NO./LAB NO. |
|---|---|---|---|
| R. Harris | 9/19/07 | ☑ Intact ☐ Broken ☐ None | 108-699/1/ LJ447 |

**5. DESCRIPTION OF EVIDENCE**

MPDC HSEE contg a large clear zpb contg a small clear zpb contg off-white rock like substance, a large clear zpb contg a small clear zpb contg 6 purple zpbs contg off-white rock like substance, a large clear zpb contg off-white rock like substance & an empty small clear zpb (EX 1.01) and a large zpb contg 2 glass bottles contg clear yellowish liquid and a large zpb contg a white "Scott moistures" plastic container contg a glass bottle contg clear yellowish liquid (Ex 1.02) and a dropper tube.

EX 1.01 - 8 zpbs     EX 1.02 - 3 bottles

**6. SUMMARY OF FINDINGS**

Gross wt: 276.1 g    Net wt: 25.4 g    Ex 1.01 contains Cocaine Base & Diltiazem

18.5 ml (15.1 g)    Ex 1.02 contains Phencyclidine (PCP) and 1-Piperidinocyclohexane Carbonitrile (PCC).

| 7. EXH. NO. | 8. LAB. NO. | 9. ACTIVE DRUG INGREDIENT | 10. QUANTITATIVE RESULTS | 11. AMT. OF PURE DRUG | 12. RESERVE |
|---|---|---|---|---|---|
| 1.01 | LJ447 | Cocaine Base | 55.4% | 14.0 g | 23.8 g |
| 1.02 | LJ447 | Phencyclidine (Calculated as NCl Base) | 130.3 mg/ml (4-11.3 mg/ml) | 2.4 g | 17.0 ml (12.3 g) |
|  |  | 1-Piperidinocyclohexane Carbonitrile |  |  | — |

**13. RESERVE EVIDENCE**

EX 1.01 powder, 6 purple zpbs, 3 small zpbs & 3 large zpbs into a new zpb, EX 1.02 liquid into a new glass bottle wrapped in bubble wrap into a new plastic container & 3 glass bottles into a new zpb, and 2 large zpbs and plastic container & dropper tube into a new zpb, and MPDC HSEE, all into a new DEA HSEE.

| 14. FORENSIC CHEMIST'S SIGNATURE | 15. DATE REPORTED | 16. REVIEWED BY (Initials) & DATE |
|---|---|---|
| [signature] | 9/25/07 | cm for DCA  9-25-07 |

**17. REMARKS**

EX 1.01         EX 1.02
7041.000        7471.900
2755.900        8603.000



FORM DEA-86 (6-00) Previous editions are obsolete.    Electronic Version Designed in JetForm 5.2 Version


