IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v : | CRIMINAL NO. 07-237 (PLF) |
| : | |
| DARRYL ASHTON, : | |
| : | |
| Defendant. : | |
| : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to a total period of incarceration within the guideline rang,, followed by four years of supervised release. In support thereof, the United States respectfully states the following:

### Background

1.      The details of the defendant's actions pertaining to this plea agreement are fully delineated in the proffer of evidence signed and admitted to by the defendant on September 28, 2007. In summary, the defendant came to the attention of the Metropolitan Police Department ("MPD") because it had received information that there were guns and drugs in Apartment 34 at 4408 G Street, SE, Washington, D.C.

2.      As the statement of the offense indicates, the MPD officers came in contact with defendant Ashton and recovered 2.4 grams of PCP and 25.4 grams of crack from his person. Additionally, the officers recovered a loaded Ruger .45 caliber semi-automatic pistol in close proximity to the defendant. The defendant ultimately acknowledges constructive possession of this weapon in the statement of offense. Further, the defendant possessed various items of drug

paraphernalia, a digital scale, latex gloves, empty vials, a plate and a razor blade, that are used in the distribution of narcotics.

## Statutory Penalties

Pursuant to Title 21, United States Code, Section 841(b)(1)(B), the defendant faces a maximum sentence of 40 years of imprisonment, a mandatory minimum sentence of 5 years of imprisonment, a fine of $2,000,000, and a term of supervised release of at least four years. In addition, the defendant must pay a special assessment fee of $100 per felony conviction to the Clerk of the Court for the United States District Court for the District of Columbia.

## Sentencing Guidelines

The Federal Sentencing Guidelines calculation embodied in the Pre-sentence Report[1] ("PSR") places the defendant's total offense level at 26. See PSR ¶ 19. (This calculation is lower than the stipulated offense level in the plea agreement because of the 2007 amendments to the Sentencing Guidelines.) The PSR correctly increases the offense level by two points due to the defendant's constructive possession of a firearm. See PSR ¶ 20. The PSR also correctly affords the defendant a three-point reduction in his guidelines calculation for acceptance of responsibility, which diminishes his total offense level to 23. See PSR ¶ 26. The PSR calculates the defendant's criminal history score as 6. See PSR ¶ 35. The Guideline range for the defendant is therefore calculated at 70 to 87 months of imprisonment. See PSR ¶ 81.

## Sentencing Recommendation

1.  The government recommends that the Court sentence the defendant to 70 months of incarceration, followed by four years of supervised release, for this offense.

---

[1] Effective November 1, 2007, the U.S. Sentencing Commission imposed new sentencing guidelines that affect the guidelines calculation for pleas to possession of cocaine base also known as crack. Given that the PSR was prepared in anticipation of a sentencing on December 20, 2007 which is after November 1, 2007, the government assumes that the PSR was prepared based upon the new sentencing guidelines. The undersigned AUSA reviewed the new sentencing guidelines and agrees with the calculations in the PSR.

2. The district court should next consider all of the applicable factors set forth in Title 18 United States Code, Section 3553(a). See United States v. Gall, _____ U.S. _____, 2007 WL 4292116, at *7 (December 10, 2007). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. §3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

3. This sentence is at the low end of the guideline range. In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). Booker, 125 S. Ct. at 756. Nonetheless, and as the Supreme Court stated earlier this month, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See United States v. Gall, _____ U.S. _____, 2007 WL 4292116, at *7 (December 10, 2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. See United States v. Rita, ___ U.S. ___, 127 S.Ct. 2456 (2007). See also United States Sentencing Comm'n, Supplementary Report on the Initial

<u>Guidelines and Policy Statements</u> 16-17 (1987); <u>see</u> <u>also</u> 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168 (Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases").  And the Sentencing Commission has continued to study district court and appellate sentencing decisions and to "modify its Guidelines in light of what it learns."  <u>Booker</u>, 125 S. Ct. at 766-67 (the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

   4. The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a).  Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1).  The Guidelines themselves thus seek to implement – in a fair and uniform way – the offense specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in <u>Gall</u>.  See <u>Gall</u>, at * 7.

WHEREFORE, based upon the above, and the information reflected in the Pre-sentence Report, the United States respectfully recommends a sentence of a period of 70 months of incarceration, followed by a four year period of supervised release.

Respectfully,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:  /s/
ANGELA S. GEORGE
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar No. 470-567
United States Attorney's Office
555 Fourth Street, N.W., Room 4444
Washington, D.C. 20530
Phone: (202) 514-7315
Angela.George@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served upon counsel of record for the defendant, Brian K. McDaniel, through the electronic court filing system, this 3rd day of January, 2008.

/s/
ANGELA S. GEORGE