IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | Cr. Case No.:CR-07-237-01 |
| DARRYL R. ASHTON ) | Sentencing Jan. 4, 2008 |
| ) | The Hon. Judge Friedman |
| Defendant, ) | |
| _____) | |

**DEFENDANT'S SENTENCING BRIEF AND POSITION OF THE
DEFENDANT WITH RESPECT TO SENTENCING FACTORS**

The defendant, through counsel, respectfully represents that he has reviewed the Pre-sentence Report (PSR) and , in accordance with 18 U.S.C. § 3553(a) and the remedial scheme set forth in *United States v. Booker*, 125 S.Ct. 738(2005), and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), presents this Brief and Position of the Defendant with Respect to Sentencing Factors to aid the Court in determining an appropriate sentence.

**I.     Factual Additions and Corrections to the PSR.**

Having received a copy of the at issue pre-sentence report, the defendant along with counsel has reviewed it's contents and have not identified any material inaccuracies.

**II.    18 U.S.C. § 3553(a) Factors to Be Considered in Imposing a Sentence**

  **1.    The Nature and Circumstances of the Offense and the History and
         Characteristics of the Defendant.**

Here Mr. Ashton has admitted possession of the .45 caliber semi-automatic pistol loaded with ammunition which was recovered from a pile of clothes within the apartment in which the defendant was arrested. In addition and as noted by the PSR Mr. Ashton also accepted responsibility for and pled guilty to the possession with the intent to distribute

crack cocaine (both offenses under the D.C. code and applicable to the superior court sentencing guidelines). This case does not present with the more egregious profile of multi-kilogram deliveries or possessions for the purpose of wealth building.

2. **The Need for a Sentence.**

    A. **Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

The offense is serious, certainly. However, in the milieu of drug offenses the Court must recognize that its scale is often dwarfed by other cases that regularly come before the Court. In the era of Guidelines sentencing the time given citizens took on almost unreal and unbelievable dimensions. Prosecutors, defense attorneys, probation officers and the Court were compelled to discuss, almost casually, decades of a defendant's life lost to him and his family. Should the Court determine to impose a sentence even well below the advisory guideline range, the sentence still will effectively reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

    B. **The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct.**

When counsel met with the defendant to discuss the present report, there was no question but that the seriousness of the offense was apparent to him. Nor was there any question then, or now, that this experience impresses the defendant with a healthy respect for and the need to conduct oneself within the bounds of the law. This, especially in light of the lengthy period of incarceration that the defendant was exposed to in this matter. The defendant's choices have placed his liberty interests in harms way for the significant

future. The sentence that he is currently pending may contribute tangentially to the promotion of deterrence to criminal conduct. The defendant's arrest and subsequent experiences leading up to the day of sentencing have already, and effectively, achieved the goal of promoting deterrence to the further criminal conduct of the defendant.

    **C.**    **The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant.**

The defendant turned 29 on January 1, 2008. The defendant has made foolish choices that have hurt his family grievously. This has been an extremely sobering experience for the defendant which will likely result in a lengthy period of incarceration. It is counsel's belief that this defendant, upon his release, will not be a participant in the rampant recidivism that is too often seen.

    **D.**    **The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

The defendant, as noted in the PSR, has endured a long battle with drug use. While he reports the discontinuance of his drug use, counsel is requesting that this court recommend the defendants participation in the 500 hour drug treatment program in an effort to address the aforementioned issues. Whatever period of confinement the defendant must serve truly will be time lost to him and his family that could be better spent in the community.

    **3.**    **The Kinds of Sentence Available.**

This court is not bound by the guideline range which has been calculated using the Superior Court Guidelines for these offenses. However the parties have agreed and contracted under the September 28, 2007 plea letter that the government will not be

requesting a period of incarceration greater than the low end of the calculated guideline range which is 84 months.

    **4.** **The Guidelines Sentencing Range.**

        **A.** **Factors and Facts in Dispute.**

None.

    **5.** **Pertinent Policy Statement Issued by the Sentencing Commission.**

None.

    **6.** **The Need to Avoid Unwarranted Sentence Disparities among Defendants with Similar Records who Have Been Found Guilty of Similar Conduct.**

None.

    **7.** **The Need to Provide Restitution to Any Victims of the Offense.**

None.

**III.** **Placement.**

The defendant respectfully asks that the Court recommend to the Bureau of Prisons that the defendant be placed in the Correctional facility in Loretto, PA.

**IV.** **Costs and Fine.**

The defendant is indigent. The defendant, by counsel, respectfully asks the Court waive any costs or fine it otherwise might impose.

                                          Respectfully Submitted,

                                          _____
                                          Brian K. McDaniel
                                          McDaniel & Asso. P.A.
                                          1211 Connecticut Ave. N.W.
                                          Suite 506
                                          Washington, D.C. 20036
                                          Telephone (202) 331 – 0793
                                          Brianmac1911@aol.com

## CERTIFICATE OF MAILING

      I hereby certify that on this 3rd day of January, 2008, a copy of the foregoing U.S.C. 18 §3553 Memorandum in Aid of Sentencing was sent by facsimile: Ms. Angela George, Esq. 555 4th Street N.W. Washington, D.C. 20530.

                                                _____
                                                Brian K. McDaniel